Raymond S. PRATT, Appellant

v.

Richard M. THORNBURGH, Governor of the Commonwealth of Pennsylvania; Commonwealth of Pennsylvania, Department of Public Welfare; Helen B. O'Bannon, and her successor in office as Secretary, Department of Public Welfare; Harry O'Donnell, Office of the Comptroller, Commonwealth of Pennsylvania; Al Weiss, Director, D.P.W., Office of Employee Disability; Mr. Lescalette, Director, Personnel Transactions, D.P.W., Office of Employee Disability; Bernard Kelly, Claims Representative, D.P.W., Office of Employee Disability; John Doe I, Investigator, D.P.W., Bureau of Investigations; John Doe II, Investigator, D.P.W., Bureau of Investigations; Stanley I. Slipakoff, Esq., Chief of Litigation, Eastern Regional District of Pennsylvania, Department of Public Welfare; Commonwealth of Pennsylvania, State Civil Service Commission; Mary D. Barnes, Chairman, State Civil Service Commission; Ethel S. Barnett, Commissioner, State Civil Service Commission; Fred E. Bryant, Commissioner, State Civil Service Commission, Commonwealth of Pennsylvania, State Workmen's Insurance Fund (S.W.I.F.), a corporation created by state statute and a statutorily duly authorized insurer of state employee workers' disability compensation payments and benefits; Mr. Porocca, District Office Manager, S.W.I.F., Philadelphia Office; Edward Marion, Supervisor, Unit III, S.W.I.F., Lackawanna Office; Individual Named "Tess," Claim Rep., S.W.I.F., Philadelphia Office; Mr. Arrison, Claim Rep., S.W.I.F. Philadelphia Office; Dr. Richard Kaplan, P.A., physical examination physician of plaintiff-claimant on 10/21/82; Commonwealth of Pennsylvania, D.P.W., Eastern Pennsylvania Youth Development Center, Bensalem, Pa.; Delvore R. Carlise, Executive Di-

rector, Y.D.C., Bensalem; Warren Knight, Counselor III, Y.D.C., Bensalem; Marie Birbeck, Business Mgr., Y.D.C., Bensalem; Norman Barbari, Accountant, Y.D.C., Bensalem; Terry M. Feyh, Personnel Asst., Y.D.C., Bensalem.

No. 86–1187.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Nov. 12, 1986.

Decided Dec. 15, 1986.

Rehearing and Rehearing In Banc Denied Jan. 9, 1986.

Raymond S. Pratt, pro se.

LeRoy S. Zimmerman, Atty. Gen., Andrew S. Gordon, Chief Deputy Atty. Gen., Allen C. Warshaw, Executive Deputy Atty. Gen., Calvin R. Koons, Deputy Atty. Gen., Harrisburg, for appellees.

Before GIBBONS, WEIS and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiff-appellant, Raymond S. Pratt, was discharged from his position as a youth development counselor at the Bensalem Youth Development Center of the

Pennsylvania Department of Public Welfare on June 11, 1982 because he failed to return to work as requested by a letter sent him on June 4, 1982. He had stopped working because of an injury he received on the job on January 20, 1982 and was receiving workmen's compensation benefits at the time of discharge. He appealed to the Pennsylvania Civil Service Commission on July 20, 1982. This was more than 20 days after his discharge. After a hearing at which the plaintiff and his witnesses testified, the Commission denied his appeal as not filed within the 20–day period stipulated by the Pennsylvania statute. 71 P.S. § 741.951(a) and (b). The plaintiff did not attempt to appeal this decision to the state courts. Instead, on February 22, 1985, two years and eight months after his discharge, he filed the present suit in the United States District Court for the Eastern District of Pennsylvania.

From the complaint and amended complaint, it appears that the plaintiff is asserting seven counts, two under federal law and five under state law. For jurisdiction to consider the latter, diversity of citizenship is claimed. Basically, the plaintiff contends that the termination of his employment was improper because it was done without a hearing and while he was receiving workmen's compensation benefits. In his seven counts, the plaintiff contends: (1) that he was deprived of a property interest in his employment without due process in violation of 42 U.S.C. § 1983, (2) that he was the victim of a conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985, and that in violation of Pennsylvania state law he was subjected (3) to an invasion of his privacy, (4) to retaliatory discharge from his employment, (5) to the intentional infliction of emotional distress, (6) to libel and slander, and (7) to what he describes as "failure to perform a contractual affirmative duty and statutorily imposed legal duty." On all these grounds he seeks compensatory and punitive damages. The district court entered summary judgment for the defendants on all counts on the ground that they were all barred by the relevant statutes of limitations.

■ The district court held that each of the five state law counts was barred by the applicable state statute of limitations. Since we fully agree with the reasoning and conclusions of the district court as to these counts, as set forth in the opinion filed by Judge VanArtsdalen, we need not discuss them further here. As to the claim founded on 42 U.S.C. § 1985(3), we need only say that it was properly denied since it is not alleged that the conspiracy involved in that count was motivated by a racial or class-based animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

This leaves for consideration the claim brought under 42 U.S.C. § 1983 which the district court also denied as barred by the applicable statute of limitations, which it held to be the Pennsylvania two-year statute applicable to personal injury torts. In so doing, it applied retroactively the ruling of the Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that the state statute of limitations applicable to personal injury torts should be applied in all § 1983 cases. The district court relied upon our decision in *Smith v. City of Pittsburgh*, 764 F.2d 188 (3d Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985), which applied the ruling of *Wilson v. Garcia* retroactively to a wrongful discharge suit under § 1983. We are satisfied, however, that the facts in the present case are distinguishable from those in *Smith v. City of Pittsburgh, supra*, to the extent that they require a different result.

The question of the retroactive application of court decisions is governed by *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), which sets forth three considerations for nonretroactivity of court decisions. The first consideration, and the one primarily applicable here, is whether the decision sought to be denied retroactive effect establishes a new princi-

ple of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. If so, retroactive effect is to be denied. In the present case, two of our decisions handed down prior to *Wilson v. Garcia* clearly furnished such past precedent. They were *Knoll v. Springfield Tp. School Dist.*, 699 F.2d 137 (3d Cir.1983), *cert. granted*, 468 U.S. 1204, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984), *vacated per curiam*, 471 U.S. 288, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985), *on remand*, 763 F.2d 584 (3d Cir.1985), and *Perri v. Aytch*, 724 F.2d 362 (Cir.1983).

■ Our first opinion in *Knoll*, filed January 27, 1983, well within the two-year period after June 11, 1982, the date of the plaintiff's discharge, squarely held that the Pennsylvania six-year statute of limitations applied to suits under § 1983 based on wrongful discharge from state employment. This was followed on December 22, 1983, also within that two-year period, by *Perri* which likewise held that the Pennsylvania six-year statute applied to such suits. Thus, within the two-year period prescribed by *Wilson v. Garcia, supra*, the rulings in *Knoll* and *Perri*, by establishing clear precedent, had the effect, under the doctrine of the *Chevron Oil Co.* case, of extending that limitation period to six years so far as the plaintiff's suit was concerned. It is in this respect that the present case is distinguishable from our case of *Smith v. City of Pittsburgh, supra*. For *Smith's* discharge occurred August 22, 1979, more than three years before the decision in *Knoll*, by which time the suit was already barred by the retroactive operation of *Wilson v. Garcia* establishing the two-year limitation. We need only add that the subsequent grant of certiorari and remand in *Knoll* could not affect the status of the plaintiff's earlier suit which, as we have seen, was filed at a time when the clear precedent in the Third Circuit gave him six years to do so.

■ The second consideration proposed by the Supreme Court in the *Chevron Oil Co.* case is that the merits and demerits in each case must be weighed by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive operation will further or retard its operation. And the third is to weigh the inequity, if any, imposed by retroactive application. With respect to these two considerations, we see no basis for thinking that the denial in the present case of retroactive operation of the rule of *Wilson v. Garcia* will adversely affect its operation in general. Moreover, it would appear that its retroactive application would produce an inequitable result in the present case in which the plaintiff, when he filed his complaint, was entitled to assume from our decisions in the *Knoll* and *Perri* cases that he had a period of six years from the date of his discharge in which to file it.

Our case of *Fitzgerald v. Larson*, 769 F.2d 160 (3d Cir.1985), is similarly distinguishable from the present case. For in that case, as in *Smith*, the plaintiff filed his suit more than two years after his discharge but before our decisions in *Knoll* and *Perri* were handed down. It was, therefore, properly barred by the retroactive application of the Pennsylvania two-year statute of limitations as required by *Wilson v. Garcia*, no clear precedent to the contrary being then in existence in this circuit.

Cases brought in this court under 42 U.S.C. § 1981 have presented a similar problem with respect to the applicable period of limitation. By analogy to *Wilson v. Garcia*, our court in *Goodman v. Lukens Steel Company*, 777 F.2d 113 (3d Cir.1985), *cert. granted*, —— U.S. ——, 107 S.Ct. 568, 93 L.Ed.2d 573 (1986), a case brought under § 1981, held that the Pennsylvania limitation of two years for personal injury actions is to be applied to all § 1981 cases with the customary retroactive effect. In *Al-Khazraji v. Saint Francis College*, 784 F.2d 505 (3d Cir.1986), *cert. granted*, —— U.S. ——, 107 S.Ct. 62, 93 L.Ed.2d 21

(1986), we were called upon to decide in a § 1981 case whether the limitation of two years imposed by *Goodman* should be applied retroactively. In that case we held that it should not be so applied where it appeared that prior to the time the cause of action arose this court had definitely applied the Pennsylvania six-year statute to § 1981 actions. In the present case, we have denied retroactivity where the clear precedent resulted from cases decided after the cause of action arose but within the two-year period imposed by *Wilson v. Garcia.* For within that period the plaintiff was entitled to sue and the cases, therefore, had the effect merely of extending his existing right to bring suit for an additional four years.

Our conclusion in the present case is in accord with the decision of the Eighth Circuit in *Ridgway v. Wapello County, Iowa,* 795 F.2d 646 (8th Cir.1986), which held that *Wilson v. Garcia* should not be applied retroactively to bar a public employee's suit under § 1983 where it appeared that, within the two-year period after the plaintiff's cause of action arose, the Court of Appeals for the Eighth Circuit had held that the Iowa general five-year statute of limitations governed actions under § 1983.

The judgment of the district court will be vacated so far as it relates to the plaintiff's cause of action under 42 U.S.C. § 1983 and that cause of action will be remanded for further proceedings. In all other respects, the judgment appealed from will be affirmed.