810 F.2d 55
 Lee Roy BROWN, Appellant,
v.
John F. FOLEY, Lieutenant, Donald F. Hunt, Jr., and Westley
Richardson, individually and in their capacity as
members of the Vice Enforcement Unit,
Trenton Police Division.
 No. 86-5389.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Dec. 22, 1986.
Decided Jan. 26, 1987.
 
 Lee Roy Brown, pro se.
 George T. Dougherty, Mary Lou Delahanty, Trenton, N.J., for appellees.
 Before GIBBONS, WEIS and MARIS, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 This case presents the question whether the rule laid down by the Supreme Court in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 on April 17, 1985 should be applied retroactively to bar the plaintiff's suit brought on December 20, 1982 under 42 U.S.C. § 1983 to recover property seized in New Jersey in execution of a search warrant and for damages. Wilson v. Garcia holds that the statute of limitations to be applied in all cases brought under § 1983 is the statute of limitations of the state involved which applies to actions for personal injuries. In New Jersey that statute is N.J.S.A. 2A:14-2, which provides that an action for injury to the person caused by wrongful act, neglect or default must be commenced within two years of the accrual of the cause of action. In the present case, the cause of action accrued on June 6, 1980 when the seizure which the plaintiff alleges to have been illegal took place. This suit was not begun until December 20, 1982, more than two and one-half years thereafter. Therefore, under the rule of Wilson v. Garcia, if applied retroactively, as the district court did, the plaintiff's suit would be barred as filed six months and fourteen days too late. Holding that the present suit was thus barred, the district court granted summary judgment for the defendants and the appeal now before us was taken by the plaintiff.
 
 
 2
 In Pratt v. Thornburgh, 807 F.2d 355 (3d Cir.1986), we were called upon to consider the retroactive application of the rule of Wilson v. Garcia to a suit under § 1983. The Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), had held that three factors should be considered in determining whether to give retroactive application to decisions changing the law relating to limitations of action. First, the decision should not be so applied if it established a new principle of law, either by over-ruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the prior history of the rule must be looked at to determine whether retroactive application would further or retard its operation. And third, the inequity, if any, which would result from retroactive operation must be considered. In Pratt v. Thornburgh, we applied these criteria to a case in which the plaintiff alleged wrongful discharge from state employment and sought reinstatement. His suit which included a count for restoration of his employment was filed two years and eight months after his discharge but two months before Wilson v. Garcia was decided. Within the period of two years after his discharge but before Wilson v. Garcia was decided, our court in Knoll v. Springfield Tp. School Dist., 699 F.2d 137 (3d Cir.1983),[1] and Perri v. Aytch, 724 F.2d 362 (3d Cir.1983), had held that the Pennsylvania six-year statute of limitations applied to actions in the district court under § 1983 for wrongful discharge from employment. Concluding that there was, thus, clear precedent in the Third Circuit in 1983 establishing a six-year period within which the plaintiff was entitled to bring his suit for reinstatement, that denial of the retroactive operation of the two-year limitation rule established by Wilson v. Garcia would not adversely affect the operation of that rule in appropriate cases, and that its application would produce an inequitable result, we held in Pratt v. Thornburgh that retroactive application of the two-year statute should be denied and that the count for reinstatement in the plaintiff's complaint was timely filed.
 
 
 3
 Our decision in Pratt v. Thornburgh rules the case now before us and requires its reversal. Our cases prior to the decision of the Supreme Court in Wilson v. Garcia had clearly held that the statute of limitations to be applied in cases brought under § 1983 was the state statute applicable to state cases seeking similar relief. See Fitzgerald v. Larson, 741 F.2d 32, 34-36 (3d Cir.1984), vacated and remanded in light of Wilson v. Garcia, 471 U.S. 1051, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985); Polite v. Diehl, 507 F.2d 119, 123 (3d Cir.1974) (in banc). In New Jersey the statute imposing limitations upon the bringing of suits for the recovery of personal property is N.J.S.A. 2A:14-1 which fixes a limitation of six years. This statute was, thus, clear authority for the District Court for the District of New Jersey to regard six years as the appropriate limitation on such suits prior to the decision in Wilson v. Garcia. And this limitation had been so applied by that court with the approval of this court. Hauptman v. Wilentz, 570 F.Supp. 351, 376 (D.N.J.1983), aff'd, 770 F.2d 1070 (3d Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986); Peters v. Township of Hopewell, 534 F.Supp. 1324 (D.N.J.1982), aff'd, 729 F.2d 1448 (3d Cir.1984). We conclude that it should have been applied in the present case and that the application to this case of the two-year statute of limitations applicable to state actions for personal injuries was erroneous.
 
 
 4
 The judgment of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 The reversal of the Knoll case by this court (763 F.2d 584, 3d Cir.1985) after the decision of Wilson v. Garcia obviously had no effect on its standing as a clear precedent in the Third Circuit prior to the decision of that case