**James CALLWOOD, Appellant,**

v.

**John QUESTEL, Conrad Hoover, Elroy John and J. Garcia.**

No. 87–3316.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6)
Dec. 9, 1987.

Decided Dec. 21, 1987
On Remand from the Supreme Court of the United States.

Decided Aug. 30, 1989.

James Callwood, El Reno, Okl., pro se.

Godfrey R. de Castro, Atty. Gen., Rosalie Simmonds Ballentine, Sol. Gen., Dept. of Justice, St. Thomas, U.S.V.I., for appellees.

Before GIBBONS, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This matter is before this court on remand from the Supreme Court, —— U.S. ——, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989). The historical facts, primarily procedural in nature, are as follows:

James Callwood is a territorial prisoner of the Virgin Islands, incarcerated at the Federal Correctional Institution at El Reno, Oklahoma. On January 14, 1986, Callwood filed an action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 (1982) in the District Court of the Virgin Islands alleging that the defendants, four detectives in the service of the St. Thomas Department of Public Safety, acted individually and as part of a conspiracy to violate his constitutional rights. In his complaint, Callwood averred that, on August 23, 1983, he was severely beaten during the course of an allegedly illegal arrest of his person. In addition, Callwood claimed that, despite his request for representation, he was forced to submit to an interrogation by the defendants without benefit of an attorney's presence.

The district court, referencing the chronology of Callwood's case—the events complained of occurred on August 23, 1983 and the action was filed on January 14, 1986—found the action barred by the Virgin Islands' two-year statute of limitations applicable to personal injury claims and dismissed the action for failure to state a claim upon which relief can be granted. We affirmed, 838 F.2d 459 (1987).

Callwood appealed our decision affirming the district court to the United States Supreme Court. On May 30, 1989, the Court granted Callwood's petition for certiorari, vacated our judgment and remanded the matter to us for further consideration in light of the Court's recent decision in *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989).

In *Hardin*, a Michigan state prisoner filed a *pro se* § 1983 complaint alleging

that prison authorities had deprived him of his federal constitutional rights. The district court dismissed the complaint because it had been filed after the expiration of Michigan's three-year statute of limitations period for personal injury actions. The Court of Appeals for the Sixth Circuit affirmed the dismissal, refusing to apply a Michigan statute which suspends limitations periods for persons under a legal disability, including prisoners, until one year after the disability has been removed.

The Supreme Court reversed and held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should give like effect to the provision tolling the limitations period for prisoners. *Id.* at 2003. The Court recited its previous holding in *Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), which held that limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations *and* coordinate tolling rules, provided that the state law does not defeat the goals of the federal law at issue. *Id.* at 483, 100 S.Ct. at 1794–95 (emphasis added). In evaluating the Michigan tolling rule, the Court in *Hardin v. Straub*, 109 S.Ct. at 2003, noted the likelihood of inmate reluctance to assert legal challenges against those who regulate their daily activities and, also, the possibility that potential plaintiffs may not have a fair opportunity to establish the validity of their allegations while confined. The Court thus concluded that the Michigan tolling statute was consistent with the remedial purpose of § 1983. *Id.*

With *Hardin* as our guidepost, we reevaluate the viability of Callwood's civil rights cause of action.

Because Congress has not established a time limitation for claims filed under the Civil Rights Act, the settled practice, implicitly endorsed by 42 U.S.C. § 1988,[1] had

---

1. 42 U.S.C. § 1988 reads:

§ 1988. Proceedings in vindication of civil rights; attorney's fees

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, ... for the protection of all persons in the United States in their civil rights,

been to adopt the local time limitation most pertinent to the activity addressed by the law. *Burnett v. Grattan*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

Conflict and uncertainty spawned from the practice of seeking state law analogies in § 1983 claims. To alleviate the problems inherent in the ensuing case-by-case approach, in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Court decided that § 1983 is best understood as conferring a general remedy for injuries to personal rights. Accordingly, the Court determined that § 1983 claims should be uniformly ruled by the states' personal injury statutes of limitations. *See also Owens v. Okure*, — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

In regard to suits brought under the auspices of § 1981, in *Goodman v. Lukens Steel Company*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Supreme Court decided that its personal injury characterization of § 1983 claims in *Wilson* was equally appropriate to actions filed under § 1981 since § 1983 would reach racially discriminatory state action that encroaches upon those rights protected by § 1981. The Court thus affirmed the decision of our court in selecting the Pennsylvania personal injury two-year statute of limitations as apropos to a § 1981 claim.

The Supreme Court has yet to make a definitive statement concerning the most analogous state limitations period for 42 U.S.C. § 1985 claims concerning conspiracies to deny constitutional rights. We, however, spoke implicitly on the issue

when, in *Pratt v. Thornburgh*, 807 F.2d 355 (3d Cir.1986), *cert. denied*, 484 U.S. 839, 108 S.Ct. 125, 98 L.Ed.2d 83 (1987), we affirmed a district court decision holding that, after *Goodman v. Lukens Steel*, 482 U.S. 656, 107 S.Ct. 2617, § 1985 actions should also be controlled by the forum state's limitations period for personal injury claims. *Pratt v. Thornburgh*, 807 F.2d at 357.

■ This caselaw thus instructs us to apply the Virgin Islands statute of limitations for personal injury actions to Callwood's federal cause of action. *See also, Hobson v. Government of Virgin Islands Fire Division*, 22 V.I. 87 (1986) (since Civil Rights Act contains no statute of limitations, Virgin Islands' two-year statute of limitations for tort claims applies). This provision, found at 5 V.I.C. § 31(5)(A) (as amended 1977), outlines a two-year limitations period.[2] Callwood's complaint makes plain that the events giving rise to his claims occurred on or about August 23, 1983. The complaint was not filed until January 14, 1986, more than 28 months after the alleged injuries.

■ Although it is undisputed that Callwood filed his lawsuit more than two years after his cause of action accrued, *Hardin v. Straub*, 109 S.Ct. at 2001, commands us to determine whether any local provisions suspend the running of the statute. Such a tolling provision, codified at 5 V.I.C. § 36 (1921), does exist in Virgin Islands law and

and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

**2.** § 31. Time for commencement of various actions

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

 \*   \*   \*   \*   \*   \*

(5) Two years—

 (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

appears directly relevant to Callwood's cause of action.

5 V.I.C. § 36 reads:

§ 36. Persons under disability

(a) If any person entitled to bring an action mentioned in this chapter is, at the time the cause of action accrues—

(1) under the age of twenty-one years; or

(2) insane; or

(3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life—the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended in any case longer than two years after such disability ceases.

(b) No person shall avail himself of a disability unless it existed when his right of action accrued.

(c) When two or more disabilities exist at the time the right of action accrues the limitation shall not attach until all such disabilities are removed.

Callwood contends now for the first time that he was under 21 at the time of his arrest, a fact not contradicted by the government. Actual applicability of § 36(a)(1) will, of course, require the development of a factual record before the district court. We decline to make such findings in the first instance. *See Scalea v. Scalea's Airport Service, Inc.*, 833 F.2d 500 (3d Cir.1987).

We also make no preliminary statement as to the government's legal argument, which the district court has not had the opportunity to address, that a previous decision of the local court to consider Callwood as an adult on the underlying criminal charge undercuts his claim that he was not an adult when his cause of action arose. To render a decision in this regard would equate to rendering advisory opinion, a practice greatly disfavored by us.

The same factual deficiency is present regarding whether § 36(a)(3) of the tolling statute, relevant if the applicable cause of action accrued while the complainant was incarcerated, suspends the running of the statute. The record does not reveal if Callwood's detention at the time of his arrest was tantamount to an incarceration or where Callwood spent his time between his arrest and the eventual imprisonment resulting from his guilty plea on the criminal charge. Without these facts it is impossible to evaluate whether, here, § 36(a)(3) is operational.

For the reasons stated above, we will, in turn, remand the matter to the District Court of the Virgin Islands to ascertain whether the tolling provisions of 5 V.I.C. § 36 save the untimely complaint of Callwood from dismissal.