978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carl JENKINS, Plaintiff-Appellant,
v.
F.L. MOSS, individually; Kansas City, Kansas, Police
Department; City of Kansas City, Kansas, a
municipal corporation, Defendants-Appellees.
 No. 92-3107.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1992.
 
 Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's dismissal of his civil rights action, commenced pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as time-barred. Upon consideration of the record and the parties' arguments on appeal, we affirm.
 
 
 3
 Federal civil rights claims arising in the State of Kansas are governed by a two-year statute of limitations. Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1300-01 (10th Cir.1991) (42 U.S.C. § 1983 claim; applying Kan.Stat.Ann. § 60-513(a)(4)); Payne v. General Motors Corp., 731 F.Supp. 1465, 1473 (D.Kan.1990) (42 U.S.C. § 1981 claim); see Callwood v. Questel, 883 F.2d 272, 273-74 (3d Cir.1989) (applying same state statute of limitations to claims asserted under 42 U.S.C. §§ 1981, 1983, and 1985).
 
 
 4
 Plaintiff's civil rights claims stem from an incident occurring September 15, 1988. Plaintiff did not file his federal action until April 15, 1991, beyond the two-year limitations period. Plaintiff asserts, however, that the Kansas savings statute, Kan.Stat.Ann. § 60-518, applies to make his federal civil rights action timely. Section 60-518 provides, in pertinent part, that "[i]f any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure."
 
 
 5
 On September 14, 1990, Plaintiff commenced a state tort action for assault and battery, false imprisonment, and malicious prosecution, based upon the same September 15, 1988, incident that was the basis of this federal action. Although Plaintiff commenced the state action within two years of the incident, the state court dismissed that action because, inter alia, Plaintiff's state tort causes of action were barred by the applicable one-year statute of limitations. See Kan.Stat.Ann. § 60-514(2). Plaintiff's state tort action, therefore, was not "commenced within due time," as required by section 60-518. Plaintiff's filing of the state action within two years of the incident at issue thus does not save his federal civil rights action from being time-barred.
 
 
 6
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3