

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# Akinola v. Clifton

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Akinola v. Clifton" (2006). *2006 Decisions*. Paper 1422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-151                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4454
_____

KOLE AKINOLA,

Appellant

v.

JOHN DOE 1, Police Officer; JOHN DOE 2, Police Officer; JOHN DOE 3,
Detective; JOHN DOE 4, Detective; CLIFTON POLICE DEPARTMENT; TOWNSHIP
OF CLIFTON; RONALD S. FAVA, Passaic County Prosecutor; MITCHELL H.
SPINGARN, Assistant Prosecutor; PASSAIC COUNTY PROSECUTOR'S OFFICE
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-2761)
District Judge: Honorable William G. Bassler
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for Possible
Dismissal under 28 U.S.C. § 1915(e)(2)(B)
March 2, 2006

Before: RENDELL, AMBRO and BECKER, Circuit Judges

(Filed:  March 15, 2006)
_____

OPINION
_____

PER CURIAM

Kole Akinola appeals the dismissal of his civil rights complaint by the United

States District Court for the District of New Jersey. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On June 8, 2004, Akinola filed a complaint pursuant to 42 U.S.C. § 1983, alleging claims of false arrest and imprisonment against the Clifton Police Department and four of its officers. Akinola also alleged a claim of malicious prosecution against the Passaic County prosecutor. According to the complaint, the officers searched Akinola's car without his consent, confiscated $2,911.00 in cash, and charged him with receiving stolen property. A grand jury ultimately returned a "no bill" on the criminal complaint. For relief, Akinola sought monetary damages from the defendants.

On December 27, 2004, after granting Akinola's application to proceed in forma pauperis, the District Court dismissed Akinola's complaint pursuant to § 1915(e)(2)(B). Specifically, the District Court determined that Akinola's claims of false arrest and imprisonment, and the malicious prosecution claim with respect to the stolen property charge, were time-barred because Akinola filed his complaint after the applicable two-year limitations period had run. The District Court also determined that Akinola's claim of malicious prosecution with respect to the forfeiture of the $2,911.00 failed to state a claim for relief. On or about January 18, 2005, Akinola sought leave to file a motion for reconsideration. See Fed. R. Civ. P. 59(e). Citing a local rule, the District Court relaxed the ten-day period within which a motion for reconsideration must normally be filed and granted Akinola leave to file the motion. In his motion for reconsideration, Akinola stated that the reason for his delay in filing the complaint was that he did not know about

2

the "no-bill" despite making numerous inquiries while he was incarcerated at the Passaic County jail on unrelated charges. The District Court denied the motion for reconsideration on August 31, 2005. On or about September 12, 2005, Akinola filed a notice of appeal.

We have jurisdiction to entertain this appeal.[1] Having granted Akinola leave to proceed in forma pauperis on appeal, we must now determine whether his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal civil rights claims are governed by the applicable state's statute of limitations for personal injury actions. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Accordingly, New Jersey's two-year limitations period for personal injury actions governs Akinola's claims. See Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987); see also N.J. Stat. Ann. § 2A:14-2.

Here, the statute of limitations began to run, at the latest, on December 4, 2000,

---

[1] Although Akinola filed his request to file a motion for reconsideration more than 10 days after the District Court's December 27, 2004, order, the State did not object to the motion. Arguably, then, any defense of untimeliness was waived. See Eberhart v. United States, 126 S. Ct. 403, 407 (2005) (holding that a similar time limit was a nonjurisdictional claim-processing rule). We note, however, that Akinola's complaint was dismissed by the District Court prior to service, weakening any case for waiver. In any event, the District Court affirmatively relaxed the time for filing the motion. See id. Because we therefore treat Akinola's Rule 59(e) motion as timely, and because he filed a notice of appeal within 30 days of the denial of that motion, this appeal is timely under Fed. R. App. P. 4(a)(4)(A)(v).

when the grand jury returned a "no bill" on the criminal complaint.[2]  See Sameric Corp.

of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (a § 1983

cause of action accrues when the plaintiff knew or should have known of the injury upon

which the action is based).  Akinola filed his complaint on June 8, 2004, four years after

his claims for false arrest and imprisonment accrued.  Thus, any potential § 1983 claims

for false arrest and imprisonment based on the June 2000 arrest are time-barred.

Moreover, Akinola has not shown any basis to warrant extension of the statute of

limitations via equitable tolling or application of New Jersey's discovery rule.  With

respect to the malicious prosecution claim based on the 2000 arrest, Akinola argued that

he first learned of the grand jury's "no bill" on September 10, 2002.  (Mot. for Recons.,

2).  However, if he had exercised the due diligence required by the discovery rule, he

would have learned of the December 4, 2000, "no bill" prior to June 9, 2002.  Thus, his

complaint–filed no earlier than June 8, 2004, see Houston v. Lack, 487 U.S. 266, 271-72

(1988)–is not timely even as to the malicious prosecution claim.  See Baer v. Chase, 392

F.3d 609, 622 (3d Cir. 2004) ("[t]he discovery rule postpones the commencement of a

cause of action until a Plaintiff knows, or should have known, of facts which establish

that an injury has occurred, and that fault for that injury can be attributed to another"); see

also Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005) (noting that a

state's tolling rules apply when a state's statute of limitations is borrowed for a federal

---

[2] Akinola's claims for false arrest and imprisonment actually accrued earlier.  See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (stating that a §1983 claim for false arrest and imprisonment generally accrues on the date of the plaintiff's arrest).

4

claim). Accordingly, Akinola's claims of malicious prosecution and false arrest and imprisonment based on the 2000 arrest were time-barred.

Akinola also made a claim for malicious prosecution based on the forfeiture of the $2,911.00 that was seized from him at the time of his arrest. To succeed on a malicious prosecution action, a plaintiff must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice, and that (4) the proceedings terminated in favor of the plaintiff. See Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 248 (3d Cir. 2001). In the complaint, Akinola stated his motion for the return of the money was denied on July 18, 2003. We agree with the District Court that Akinola cannot succeed on the claim because the forfeiture proceeding did not terminate in his favor. See id. Accordingly, Akinola's claim of malicious prosecution with respect to the $2,911.00 is without merit.

For the foregoing reasons, Akinola's appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.