BLD-225                                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2286
_____

CARLTON MILLS,

Appellant

v.

CITY OF PHILADELPHIA; THE FIVE C'S GROUP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No.11-cv-02474)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 23, 2012)
_____

OPINION
_____

PER CURIAM

Carlton Mills appeals from the orders of the United States District Court for the

Eastern District of Pennsylvania dismissing his claims against defendants The Five C's

Group and the City of Philadelphia (City). The District Court determined that Mills' claims were barred by the statute of limitations. We will summarily affirm the judgment of the District Court.

As the parties are familiar with the extensive procedural background of this case we will only briefly mention the procedural history. In 2008 the City of Philadelphia initiated proceedings to sell Mills' residence at 5133 Baltimore Avenue, Philadelphia, at a tax sale. On July 23, 2008, the City sent notice of the August 6 hearing date by certified mail to 5924 Malvern Avenue, which Mills alleged was an erroneous address. Mills' mother resided at the Malvern Avenue address, but no one was home to receive the notice that day, and it was left at the house. Mills' mother returned home several days later, and Mills only received the notice "around July 30th or 31st," several days before the hearing. Mills did not attend the hearing. Mills also alleged that he did not receive notice for the December 18th, 2008 sheriff's sale of his property to the Five C's Group. Mills was informed that his house had been sold in January 2009. The Five C's Group commenced eviction proceedings against the plaintiff in July of 2009.[1]

On April 13, 2011, Mills filed his complaint under 42 U.S.C. §1983, and claimed that the City violated his right to procedural due process by failing to provide adequate notice of the hearings. On May 13, 2011, Mills filed an Amended Complaint naming the Five C's Group as a defendant. Mills did not state any claims against the Five C's Group.

---

[1] At this point Mills initiated a bankruptcy claim in state court in an effort to keep his

The City moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) arguing that the complaint was barred by the statute of limitations. The District Court held a hearing on the motion, which it subsequently granted. The Five C's Group were then served with the amended complaint and responded by filing a motion to dismiss, also based on the statute of limitations. Again, the District Court held a hearing on the motion, after which it granted the motion.

We have appellate jurisdiction under 28 U.S.C. §1291, and we review the appeal for possible summary action. Our review is plenary. See Digacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity, 420 F.3d 220, 222 n.4 (3d Cir. 2005) (stating standard of review over dismissal under Rule 12(b)(6 )). Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4.

Claims under 42 U.S.C. §1983 are governed by the state's statute of limitations for personal injury claims. See Pratt v. Thornburgh, 807 F.2d 355 (3d Cir. 1986). In Pennsylvania, a plaintiff must bring a cause of action within two years of the injury giving rise to the alleged violations. See 42 Pa C.S. §5524.

Mills' claims stem from the July 23, 2008 notice.  Mills concedes that he was made aware of the hearing before it took place in August of 2008. We agree with the District Court that all claims arising from the notice are barred by the statute of

house.

3

limitations. Any claims arising from the erroneous notice in December 2008 are also barred, as Mills concedes that he discovered his house had been sold in January 2009.

Accordingly, as no substantial question is presented, we will summarily affirm.