**Paul T. CITO and Thomas J. Cito, Appellants,**

**v.**

**BRIDGEWATER TOWNSHIP POLICE DEPARTMENT, Lt. Peter Sibilia, Det. Robert Klouse, Off. Richard Celeste, Somerset County Prosecutor's Office, Assistant Prosecutor H. Edward Gabler, Deputy Assistant Prosecutor Lori Spagnoli, Assistant Prosecutor Edward Coleman, Investigator Michael Monn, Office of the Public Defenders Somerset County District, Public Defender Michael C. Shale, Pool Attorney Michael O. Rogers, Assignment Judge Wilfred P. Diana.**

No. 89–5397.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 27, 1989.

Decided Dec. 18, 1989.

Rehearing and Rehearing In Banc Denied Jan. 12, 1990.

Paul T. Cito, Rahway, N.J., pro se.

Thomas J. Cito, Clearwater, Fla., pro se.

John P. McDonald, McDonald, Rogers & Rizzolo, Somerville, N.J., for appellee, Michael O. Rogers.

Michael V. Camerino, Ozzard, Wharton, Rizzolo, Klein, Mauro, Savo & Hogan, Somerville, N.J., for appellees, Somerset County Prosecutor's Office, H. Edward Gabler, Lori Spagnoli, Edward M. Coleman and Michael Monn.

Thomas A. Shovlin, Riley & DiCamillo, P.A., Clementon, N.J., for appellees, Peter Sibilia, Robert Krause, and Richard Celeste.

Diana Johnston, Office of the Public Defender, Trenton, N.J., for appellee, Michael C. Shale.

Glenn R. Jones and Madeleine W. Mansier, Office of the Atty. Gen., Trenton, N.J., for appellee, Wilfred P. Diana.

Before SLOVITER, HUTCHINSON and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This pro se appeal challenges the propriety of an order dismissing appellants' Section 1983 action for failing to file within the time permitted by the New Jersey Statute of Limitations.[1] At issue is whether the New Jersey two-year limitation on personal injury actions or the six-year residual limitation applies to this action following the United States Supreme Court decision in *Owens v. Okure,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). We conclude there is a two-year limitation on appellants' action and will affirm.

### I.

Appellants' complaint is a discursive statement of appellees' actions, none occurring later than August of 1983, which, nevertheless, alleges violations of appellants' civil rights. The complaint was filed in July, 1988. Appellees filed a motion under Rule 12 asserting, among other flaws, that the action was time-barred by N.J.Stat.Ann. 2A: 14–2. The district court agreed and dismissed the complaint on April 3, 1989.[2]

---

1. Appellants allege that their action was brought pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 1983; 42 U.S.C. § 1985(2); 42 U.S.C. § 1985(3); 42 U.S.C. § 1986; 28 U.S.C. § 2201; 28 U.S.C. § 2202; and, various amendments to the United States Constitution. Appellants also asked the district court to exercise pendent jurisdiction for alleged violations of the New Jersey Constitution and various New Jersey criminal statutes.

2. In addition, the district court dismissed several appellees under Rule 12(b) on grounds of immunity. Since we hold the action is time-barred, it is unnecessary to us to reach this issue.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of this order granting appellees' motion to dismiss. *Wilson v. Rackmill*, 878 F.2d 772 (3d Cir.1989). When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether "the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (emphasis in original) (quoting *Hanna v. United States Veterans' Administration Hospital*, 514 F.2d 1092, 1094 (3d Cir.1975)).

## II.

■ The facts which underlie this action are not significant to our review except to note that appellants allege they were deprived by appellees of certain civil rights in 1983. The statute of limitations for any Section 1983 claim is the state statute which limits actions for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). "In New Jersey that statute is N.J.S.A. 2A: 14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir.1987). Inasmuch as a claim pursuant to 42 U.S.C. § 1985(2) or 1985(3) is essentially an action in tort, *Farbenfabriken Bayer, A.G. v. Sterling Drug, Inc.*, 153 F.Supp. 589 (D.N.J.1957), aff'd, 307 F.2d 210 (3d Cir.1962) *cert. denied*, 372 U.S. 929, 83 S.Ct. 872, 9 L.Ed.2d 733 (1963), the statutory limitation is likewise two years. Actions pursuant to Section 1986 are limited to "one year after the cause of action has accrued." 42 U.S.C. § 1986. Appellants' complaint is substantially out of time under Sections 1983, 1985 and 1986, and the district court properly dismissed the action.

Appellants argue that the United States Supreme Court's decision in *Owens v. Okure*, — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) requires that we apply the New Jersey six-year statute of limitations rather than the two-year limitation which we applied to civil rights actions in *Brown v. Foley, supra*. In *Owens*, the Court held that where a state has one or more statutes of limitations for certain enumerated intentional torts and a residual statute for all other personal injury actions, the residual or general personal injury statute should be applied to claims brought under 42 U.S.C. § 1983. *Owens v. Okure*, 109 S.Ct. at 582. Appellants argue that *Owens* mandates application of the New Jersey six-year residual statute of limitations. N.J.S.A. 2A: 14-1. Appellants are correct that N.J.S.A. 2A: 14-1 is a residual statute, but incorrectly argue it applies to personal injury claims. Section 2A: 14-1 states, in pertinent part, that "every action ... for any tortious injury to the rights of another not stated in Sections 2A: 14-2 or 2A: 14-3 ... shall be commenced within six years." In *Rex v. Hunter*, 26 N.J. 489, 140 A.2d 753 (1958), the New Jersey Supreme Court held that N.J.S.A. 2A: 14-1, the six-year statute, did not apply to an action for an injury to the person.

In this case, the district court did apply the New Jersey residual statute applicable to personal injuries to bar appellants' claims. N.J.S.A. 2A: 14-2 provides as follows:

Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued.

In light of the New Jersey Supreme Court's construction of its own state's statute, New Jersey's six-year residual statute is not the residual personal injury statute to which the *Owens* holding must be applied; its two-year residual statute is. We hold that the district court correctly applied the two-year statute.

■ Addressing appellants' contention that the district court should have exercised pendent jurisdiction over their state claims, in *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir.1976) we said:

The power of the court to exercise pendent jurisdiction, although largely unrestricted, requires, at a minimum, a feder-

al claim of sufficient substance to confer subject matter jurisdiction on the court. [*United Mine Workers of America v.*] *Gibbs, supra*, 383 U.S. [715] at 725, 86 S.Ct. 1130 [1138, 16 L.Ed.2d 218 (1966)]. The substantiality of the federal claim is ordinarily determined on the basis of the pleadings. If it appears that the feder. l claim is subject to dismissal under Fed.R. Civ.P. 12(b)(6) or could otherwise be disposed of in a motion for summary judgment under Fed.R.Civ.P. 56, then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances.

There are no "extraordinary circumstances" justifying retention of pendent jurisdiction. The district court properly declined to exercise pendent jurisdiction.[3]

### III.

Since appellants' claims were barred by the applicable statute of limitations, the order of the district court dismissing appellants' complaint will be affirmed.

**3.** Appellants also sought to recover under a number of federal criminal statutes, including 18 U.S.C. §§ 242 and 243, and argued for the federal statute of limitations. The district court correctly decided, "these are criminal offenses, enforceable by the government rather than by citizen plaintiffs. Section 1983 is the civil counterpart of 18 U.S.C. § 242." Opinion typescript p. 3.