

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2005

# Cox v. Fort Lee

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1498

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cox v. Fort Lee" (2005). *2005 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1498
_____

GEORGE C. COX,
                    Appellant

v.

THE BOROUGH OF FORT LEE, A municipal corporation of New Jersey;
THE FORT LEE POLICE DEPARTMENT, An agency of the borough of
fort lee; THOMAS TESSARO, CHIEF OF POLICE, Individually and in his
official capacity; ROY BORTOLOUS, LIEUTENANT, Individually
and in his official capacity; PATRICK KISSEANA, POLICE
OFFICER, Individually and in his official capacity; CABERA,
POLICE OFFICER, first name Unknown, individually and in his
official capacity; FARRELL, POLICE OFFICER, first name
Unknown, individually and in his official capacity
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05938)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005

Before: ROTH, McKEE and ALDISERT, Chief Judges

(Filed    November 4, 2005   )

_____

OPINION
_____

PER CURIAM

George C. Cox appeals pro se from the February 2, 2005, order of the United States District Court for the District of New Jersey dismissing his complaint. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. Following a search of his hotel room in Fort Lee, New Jersey on April 10, 1998, Cox was arrested and charged with several state drug offenses, as well as theft of government property in violation of 18 U.S.C. § 641. In February 1999, Cox pled guilty in the United States District Court for the Eastern District of New York to the federal charge.[1] The following month Cox pled guilty to possession of a controlled dangerous substance in the Superior Court of New Jersey. However, on June 29, 2000, more than a year after this latter guilty plea was entered, but prior to sentencing, Cox's state conviction was dismissed by order of the Superior Court.[2]

On December 16, 2002, Cox submitted a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985(3) in the District Court for the District of New Jersey. In his complaint, Cox alleged that the events of April 10, 1998 violated his Fourth Amendment

---

[1] Cox was eventually sentenced to a 46 month term of federal incarceration. Cox was released from custody on September 1, 2002.

[2] According to New Jersey Assistant Prosecutor Mark Dispoto, his office moved to dismiss Cox's conviction "in light of [Cox's] lengthy federal sentence" and because of the expense associated with extraditing Cox to New Jersey to be sentenced "on a minor drug offense for which he was going to receive probation." United States v. Cox, 2001 WL 920260, at * 14 (E.D.N.Y. Aug. 3, 2001). However, Dispoto stressed that the decision was "administrative," and "was not meant, in any way, to suggest that []his office questioned the legal and factual merits of [Cox's] case or []his plea." Id.

2

rights. Cox also alleged state law claims of negligence and invasion of privacy. The defendants filed a motion to dismiss Cox's complaint pursuant to Fed. R. Civ. P. 12(b)(6). By order entered February 2, 2005, the District Court granted the defendants' motion to dismiss. Specifically, the District Court determined that Cox's federal claims were barred by the statute of limitations, or in the alternative, by Heck v. Humphrey, 512 U.S. 447 (1994), and declined to exercise supplemental jurisdiction over his state law claims. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of Cox's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). Because we are reviewing the grant of a motion to dismiss, we accept as true all factual allegations in the complaint and view them in the light most favorable to Cox. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). We may affirm the District Court on any grounds supported by the record. Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

An action brought under § 1983 or § 1985(3) is subject to the state statute of limitations that governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-278 (1985); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). "In New Jersey that statute is N.J.S.A. 2A: 14-2, which provides that an action for an injury to a person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the

3

cause of action." Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)) (internal quotation marks omitted). Although state law sets the applicable limitations period, federal law dictates when the action accrues. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). In his complaint, Cox alleged that the defendants violated his Fourth Amendment rights on April 10, 1998. Cox does not dispute that his complaint was filed more than two years after the events of April 10, 1998. Instead, relying on Heck v. Humphrey, 512 U.S. 477 (1994), he contends that his Fourth Amendment claims did not accrue until his state conviction was dismissed.

Heck bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. Id. at 486-87. If success in a civil suit would necessarily imply the invalidity of a conviction or sentence, Heck requires the plaintiff to wait until his conviction or sentence has been "reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal" before bringing suit. Id. Following Heck, we recently concluded that "Fourth Amendment claims can be brought under § 1983, even without favorable termination, if the district court determines that the success on the [] claim would not necessarily imply the invalidity of the conviction." Gibson v. Superintendent of NJ Dept. of Law and Public Safety-Division of State Police, __ F.3d __, 2005 WL 1393752, * 15 (3d Cir. Jun. 14, 2005). However, "in those cases in which a district court

4

determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned." Id. at * 16.

Under the circumstances presented here, we need not determine whether Cox's state conviction was "overturned" or whether his Fourth Amendment claim "would imply the invalidity" of his federal conviction. This is so because, regardless of whether Cox's claims accrued on April 10, 1998, or on June 29, 2000, his complaint – submitted on December 16, 2002 – is barred by the applicable statute of limitations in that it was received and filed more than two years after the latter date.[3]   See Cito, 892 F.2d at 25.

For the foregoing reasons, we will affirm the District Court's dismissal of Cox's federal claims as time-barred, as well the District Court's refusal to assert supplemental jurisdiction over Cox's state law claims. See 28 U.S.C. § 1367(c).

---

[3] Although Cox's complaint was not "filed" until January 21, 2003 when the District Court granted him leave to proceed *in forma pauperis*, for statute of limitation purposes, we deem his complaint constructively filed as of December 16, 2002, the date on which his complaint and *in forma pauperis* application were received in the District Court. Utturia v. Harrisburg County Police Dept., 91 F.3d 451, 458 n.13. Regardless, the complaint was untimely no matter which date is used.

5