**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1387
_____

TIMOTHY MCCARGO,
                                        Appellant

v.

CAMDEN COUNTY JAIL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-16-cv-06955)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2017

Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: May 22, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Timothy McCargo appeals from the order of the United States District Court for

the District of New Jersey dismissing his complaint.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McCargo filed his lawsuit to seek redress for injuries sustained while housed at Camden County Jail, in New Jersey, where he shared a cell with several other people. McCargo stated that others were withdrawing from heroin and vomited on him as he slept on the floor. In addition, he stated that he sustained a boil on his left leg that went untreated by the medical department, a mouth infection that went untreated for three weeks, and bug bites. McCargo further contended that he did not receive his asthma pump or blood pressure medication, and that he has back problems "from being housed on the cold floor." (Complaint at 4 ¶IV.)

In October 2016, McCargo filed his pro se complaint against Camden County Jail and sought $50,000 in damages "for the pain, stress, and suffering I went through while being housed in Camden County Jail and I'm still going through pain and suffering." (Complaint at 4 ¶V.) The District Court granted McCargo's request to proceed in forma pauperis and proceeded to review the complaint to determine if sua sponte dismissal was required pursuant to 28 U.S.C. § 1915(e)(2). By opinion and separate order entered on February 9, 2017, the District Court construed McCargo's complaint under 42 U.S.C. § 1983 as alleging unconstitutional conditions of confinement at Camden County Jail. Concluding that the complaint failed to state a claim on which relief may be granted, and that any amendment of the complaint would be futile because the complaint was barred by the statute of limitations, the District Court dismissed the action with prejudice under § 1915(e)(2)(B)(ii), without leave to amend the complaint.

McCargo appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we conclude that the District Court's dismissal of the complaint under § 1915(e)(2)(B) was appropriate. McCargo listed Camden County Jail as the sole defendant. Even if McCargo had named appropriate defendants,[1] he did not allege that anyone involved in the facts of his complaint was aware of any "substantial risk of serious harm" that he experienced during his confinement, let alone acted with "deliberate indifference" to such conditions. See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994) (requiring a showing of subjective awareness by the defendant for Eighth Amendment prison conditions claim); Colburn v. Upper Darby Twp., 946 F.2d 1017, 1024 (3d Cir. 1991) (recognizing a "deliberate or reckless indifference" standard, higher than a standard of negligence, for due process violation for failure to protect detainees from serious medical or safety needs).[2]

Moreover, the District Court correctly concluded that, even if McCargo were given leave to amend his complaint to attempt to avoid dismissal, amendment here would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

---

[1] In his complaint, McCargo stated that "Officer Conway and Sgt. Thompson" were involved in the matter, although he did not explain their involvement. The District Court did not discuss any potential § 1983 liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), but, as will be explained below, the point is moot in light of the statute of limitations barring the complaint.

[2] McCargo did not state whether he was a prisoner or a pretrial detainee during his confinement at issue here.

McCargo's complaint is barred by the statute of limitations. A claim raised under § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which in New Jersey is two years. See N.J. Stat. Ann. § 2A:14-2; Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007). Accrual occurs, and the statute of limitations begins to run, as soon as a plaintiff can file suit and attain relief. See id. Here, McCargo stated that the events giving rise to the complaint occurred during the "Winter of 2004 (November) estimation." (Complaint at 3.) His claims accrued as he endured the circumstances while confined. McCargo waited well more than a decade to file his lawsuit, and his in forma pauperis application indicates that he has not been incarcerated since at least April 2013. Thus his lawsuit is untimely even if it could be argued that the limitations period was tolled while he was incarcerated. None of the generally applicable tolling provisions of N.J. Stat. Ann 2A:14-21 through 2A:14-26.2 apply to this situation. We therefore agree with the District Court's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when McCargo filed this complaint.

For the reasons above, we will affirm the District Court's order.[3]

---

[3] McCargo asserts that the District Court did not provide any explanation for dismissing

his complaint, although he states in his notice of appeal that he received an email notification that he case was closed. The record shows that in October 2016, McCargo signed a "Pro Se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically," which contains instructions for how to view court documents. McCargo provided his email address on the form for that purpose. If he has further questions about how to receive a copy of the District Court's decision in his case, he should direct those questions to the Clerk of the District Court.