**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2547

_____

LESLIE LYLE CAMICK,
a/k/a Wayne Camick

v.

CHRISTOPHER E. SMITH, DISTRICT ATTORNEY FOR
COWLEY COUNTY KANSAS, IN HIS INDIVIDUAL CAPACITY;
LINDA LOOMIS, ASSISTANT DISTRICT ATTORNEY FOR
COWLEY COUNTY KANSAS, IN HER INDIVIDUAL CAPACITY;
NICOLE HILLS, OFFICER FOR THE CITY OF WINFIELD
POLICE DEPARTMENT IN HER INDIVIDUAL CAPACITY;
THE MUNICIPALITY OF COWLEY COUNTY KANSAS;
BOARD OF COMMISSIONERS FOR COWLEY COUNTY KANSAS;
CITY OF WINFIELD KANSAS, a/k/a THE CITY OF WINFIELD POLICE
DEPARTMENT

LESLIE LYLE CAMICK,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:16-cv-08844)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  September 29, 2017)

PER CURIAM

Leslie Lyle Camick appeals from the District Court's order dismissing his civil action. We will affirm.

I.

In November 2016, Camick filed a civil rights complaint under 42 U.S.C. § 1983 in the U.S. District Court for the District of New Jersey, alleging that the Defendants committed various constitutional violations against him between 2011 and 2013. The claims arose out of incidents in New Jersey, New Mexico, and Kansas. Aware of the two-year statute of limitations for filing his complaint, Camick addressed the issue in his suit. He claimed that he was entitled to equitable tolling because an order from the U.S. District Court for District of Kansas, where Camick was the subject of a federal criminal case, prevented him from bringing his civil suit earlier. The New Jersey District Court rejected this argument. The New Jersey District Court determined that the Kansas order that Camick relied on did not bar him from filing his suit, and the New Jersey District Court dismissed the case under the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Camick appeals. In his brief before this Court, he continues to press his equitable tolling argument based on his interpretation of the Kansas order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over dismissals under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

## III.

We conclude that the District Court correctly dismissed Camick's action as barred by the applicable two-year statute of limitations. A complaint pursuant to § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185; see also N.J. Stat. Ann. § 2A:14-2. While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007). Accrual occurs, and the statute of limitations begins to run, as soon as a plaintiff has a complete cause of action. See id. Here, the incidents related to Camick's § 1983 claims took place between 2011 and 2013. He did not file his complaint until November 2016, well after the two-year deadline.

Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to his cause of action; (2) the plaintiff has been prevented from asserting his claims as a result of other extraordinary circumstances; or (3) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. See Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). In his complaint, Camick claimed that he was entitled to equitable tolling because he has been prevented from his asserting his rights by the Kansas District Court order. The New Jersey District Court, however, concluded that equitable tolling was inappropriate because the Kansas order did not enjoin Camick from filing pleadings in federal court.

We have reviewed the Kansas order in question, and we agree. While that order cautioned Camick against engaging in retaliatory litigation, the order, in fact, denied a request to enjoin Camick from litigating in federal court. Because Camick could not amend his complaint to bring it within the applicable statute of limitations, the District Court did not err in dismissing the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

IV.

For the reasons above, we will affirm the judgment of the District Court.

4