NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1396
_____

ALFRED N. AREZZO,
                                        Appellant

v.

CITY OF HOBOKEN; NEW JERSEY CIVIL SERVICE COMMISSION;
DAWN ZIMMER; ARCH LISTON; ROBERT M. CZECH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-04318)
District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 20, 2017

Before: AMBRO, KRAUSE, and SCIRICA, *Circuit Judges*

(Filed:  January 17, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Alfred N. Arezzo appeals from the dismissal of his suit alleging the City of

Hoboken, the New Jersey Civil Service Commission, and their officials removed him

from office without due process. The trial court held Arezzo's suit was barred by, *inter*

*alia*, state sovereign immunity and the statute of limitations. We will affirm.

## I.

### A.[1]

For 34 years, Arezzo was employed as a Construction Official for the City of

Hoboken. In this capacity, Arezzo was responsible for the inspection of construction

projects in Hoboken and for construction code enforcement. Arezzo's duties were

governed by New Jersey's Uniform Construction Code Act and were carried out

independently from any oversight or control by the City.

In 2010, Hoboken Mayor Dawn Zimmer appointed Arch Liston as the City's

Business Administrator. A dispute arose between Arezzo and Liston over the scheduling

of "harassment training" for Arezzo and his subordinates. Arezzo apparently believed

that because his office was independent from the City for the purposes of construction

project inspection and code enforcement, it was also independent for other,

---

[1] The following facts are drawn from Arezzo's Amended Complaint, all of which we must assume to be true for purposes of this appeal. *See In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017). We also rely upon the undisputedly authentic New Jersey administrative and judicial decisions that Arezzo submitted in the trial court. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (matters of public record and "document[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment" (internal quotation marks, citations, and emphasis omitted)).

administrative purposes. Arezzo was not willing to attend one of the scheduled morning seminars, stating that he and his officials would attend the training only if it were held in the afternoon. Liston challenged Arezzo's declaration of independence and his decision not to attend the scheduled morning training seminars. On December 30, 2010, the dispute culminated in Arezzo's sending a letter to Liston that the City deemed "overtly hostile and openly defiant." A27. Liston then suspended Arezzo for his alleged refusal to attend the harassment training.

Arezzo was suspended effective January 5, 2011, when he was served with notice of the suspension. The suspension notice required that Arezzo return any City property in his possession, including electronic equipment. Arezzo returned his City-issued laptop and cell phone, but had replaced the laptop's hard drive and the cell phone's SIM card. The City then removed Arezzo from office, effective February 17, 2011, for his alleged destruction of the City property.

No hearing was held before the City respecting either disciplinary action. Rather, Arezzo appealed his suspension and removal to the New Jersey Office of Administrative Law. On July 24, 2012, after conducting eight hearings over the span of eight months, the NJOAL Administrative Law Judge recommended increasing Arezzo's suspension from 30 days to six months, but modifying the penalty of removal to an additional six-month suspension. Both Arezzo and the City filed exceptions to the New Jersey Civil

3

Service Commission, which did not hold a hearing. On September 19, 2012,[2] the Commission, in an opinion signed by Chair Robert M. Czech, approved and adopted the ALJ's factual findings and his recommendation that Arezzo's suspension be increased from 30 days to six months, but rejected the ALJ's recommended modification of Arezzo's removal, instead upholding the City's imposition of that penalty.[3]

Arezzo appealed the Commission's decision to the New Jersey Appellate Division, which affirmed on November 21, 2014. The New Jersey Supreme Court denied review on June 19, 2015.

**B.**

On July 15, 2016, Arezzo filed the Complaint in this action against the City of Hoboken and the New Jersey Civil Service Commission. On October 5, 2016, Arezzo filed an Amended Complaint, adding as defendants Zimmer, Liston, Czech, and ten John Does, all in their individual and official capacities.

---

[2] Although Arezzo alleged in his Amended Complaint that the Civil Service Commission's Decision and Order were issued on September 5, 2012, the Decision is dated September 19, 2012.

[3] The Commission agreed with the ALJ that an increased six-month suspension on the insubordination charge was appropriate because Arezzo "was more concerned with winning his power struggle with the new administrator than with working out a reasonable timetable for . . . the sexual harassment training," conduct the Commission found "worthy of a severe sanction." A72. Regarding Arezzo's destruction of City property, the Commission disagreed with substituting an additional six-month suspension for removal, holding that willful destruction "by a long term employee in a position of public trust cannot be tolerated and is worthy of removal." *Id.* Because Arezzo had already been removed from office, however, the Commission's imposition of the longer, six-month suspension had no practical effect. *See, e.g.*, N.J. Admin. Code § 4A:2-2.10(d) (back pay available "during the period of *improper* suspension or removal" (emphasis added)).

4

Arezzo alleged that Defendants denied him due process in terminating his employment, challenging both his removal and the New Jersey statutory scheme under Section 1983, the Fourteenth Amendment, and the Declaratory Judgment Act. U.S. Const. amend. XIV; 42 U.S.C. § 1983; 28 U.S.C. §§ 2202–2202. Arezzo's Section 1983 claim alleged that the City and Commission violated his due process rights by imposing the penalty of removal without a hearing. His other claims asserted facial and as-applied constitutional challenges to New Jersey's statutory and regulatory scheme, *see* N.J. Stat. Ann. § 11A:2-19; N.J. Admin. Code § 4A:2-2.9(d), alleging that it violates due process because it allows the Commission to disregard the ALJ's recommendation and thus does not provide for meaningful review of the appointing authority's imposition of discipline. In addition to damages, he requested that the trial court vacate the Commission's decision, order a rehearing, and declare N.J. Stat. Ann. § 11A:2-19 and N.J. Admin. Code § 4A:2-2.9(d) unconstitutional.

The City Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), and the State Defendants moved for dismissal under Rules 12(b)(1) and 12(b)(6). On January 24, 2017, the trial court dismissed the entire Amended Complaint, explaining that Arezzo's Section 1983 claim was barred by state sovereign immunity as to the Commission and Czech in his official capacity, *see* U.S. Const. amend. XI, and by the statute of limitations as to the City Defendants and Czech in his individual capacity. The trial court further identified the *Rooker-Feldman* and entire-controversy doctrines as alternative bases for dismissal. Arezzo timely appealed.

## II.[4]

### A.

Arezzo contends the trial court erred in deciding that his Section 1983 claim was barred by the statute of limitations, and in not addressing his as-applied and facial constitutional challenges. We disagree and will affirm the dismissal of Arezzo's entire Amended Complaint.

Arezzo's Section 1983 claim accrued, at the latest, on September 19, 2012, when the Commission issued its final administrative decision. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that a Section 1983 claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief" (internal quotation marks and citations omitted)). After the Commission took final administrative action, Arezzo could have filed his Section 1983 claim alleging that the City and State removed him without providing sufficient due process.

Arezzo argues that his procedural due process claim did not accrue until June 19, 2015, when the New Jersey Supreme Court denied review. Relying on our decision in *Alvin v. Suzuki*, 227 F.3d 107 (3d Cir. 2000), he contends that he was required to pursue an appeal in New Jersey state court in order to have suffered the alleged harm and so to

---

[4] The trial court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of the trial judge's dismissal of the Amended Complaint on Rule 12(b)(6) grounds is de novo. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "[B]ecause our review is plenary, 'we may affirm on any grounds supported by the record.'" *Hassen v. Gov't of V.I.*, 861 F.3d 108, 114 (3d Cir. 2017) (quoting *Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 805 F.3d 98, 105 n.4 (3d Cir. 2015)).

state a procedural due process claim—a requirement distinct from simple exhaustion. We disagree. In *Alvin*, we held that a tenured professor could not state a procedural due process claim against a state university where the professor failed to utilize adequately the university's grievance procedures. *See id.* at 116. This is because "a procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." *See id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Here, however, Arezzo challenges the adequacy of the procedures available to challenge his removal, procedures he properly utilized in taking appeals to the NJOAL and the Commission. In any event, Arezzo's argument that he was required to first seek redress in the New Jersey state courts is belied by his repeated concessions that "[t]he New Jersey Appellate Division's decision does not address any procedural due process claim and *the issue was not addressed in the briefs* to the New Jersey Appellate Division." Appellant's Br. at 18 (emphasis added); *see also* Appellant's Br. at 25 (conceding that "Arezzo's claims for procedural due process violations . . . were not made below" and "[t]he procedural due process issues raised in the District Court are different from the issues raised in the State Court").[5]

Because Arezzo's Section 1983 claim accrued no later than September 19, 2012, we will affirm the trial court's ruling that this action—filed almost four years later, on July 25, 2016—was untimely under the two-year statute of limitations for Section 1983

---

[5] Indeed, if Arezzo were required to first present his claim to the New Jersey courts, he would likely fail to state a claim because he neglected to present the due process issue and properly avail himself of state remedies.

7

actions in New Jersey. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that the statute of limitations for a Section 1983 claim is borrowed from the state's personal injury statute of limitations); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (holding that New Jersey's two-year statute of limitations for personal injury actions governs Section 1983 claims); N.J. Stat. Ann. § 2A:14-2.

**B.**

Arezzo also argues that the trial court erred in not addressing his facial and as-applied constitutional challenges seeking declaratory and injunctive relief. Although the trial court did not address the statute of limitations applicable to these claims, it implicitly addressed these claims in its alternative holding that the action is barred by the *Rooker-Feldman* doctrine. Even were we to disagree with that conclusion, however, dismissal was nonetheless proper under the statute of limitations. As we have held, "when plaintiffs' claims are barred by a statute of limitations applicable to a concurrent legal remedy, then a court will withhold declaratory judgment relief in an independent suit essentially predicated upon the same cause of action. Otherwise, the statute of limitations can be circumvented merely by '[d]raping their claim in the raiment of the Declaratory Judgment Act.'" *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 184–85 (3d Cir. 1997) (quoting *Gilbert v. City of Cambridge*, 932 F.2d 51, 58 (1st Cir. 1991)). Arezzo cannot evade the statute of limitations by recharacterizing his Section 1983 claim as claims for declaratory and injunctive relief. Similarly, "[i]f a statutory limitations period that would bar legal relief has expired, then the defendant in an action for equitable relief enjoys the benefit of a presumption of inexcusable delay and

8

prejudice," and "the burden shifts to the plaintiff to justify its delay and negate prejudice." *In re Mushroom Transp. Co.*, 382 F.3d 325, 337 (3d Cir. 2004) (alteration in original) (quoting *E.E.O.C. v. Great Atl. & Pac. Tea Co.,* 735 F.2d 69, 80 (3d Cir. 1984)). Arezzo has not met that burden, and thus his claims for declaratory and injunctive relief are time-barred as well.

## III.

For the foregoing reasons, we will affirm the trial court's January 24, 2017 Order dismissing the entire Amended Complaint.