**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1213
_____

JOHANNA ONG; DR. BEVERLY ONG,
                                                      Appellants

v.

HUDSON COUNTY SUPERIOR COURT, New Jersey Law Division Administration
Office; HUDSON COUNTY PROSECUTORS OFFICE, Superior Court; HUDSON
COUNTY SHERIFFS DEPARTMENT, Superior Court; NEW JERSEY
DEPARTMENT OF HUMAN SERVICES; HUDSON COUNTY CORRECTIONAL
CENTER; JERSEY CITY MEDICAL CENTER; TRENTON PSYCHIATRIC
HOSPITAL; JERSEY CITY  MUNICIPAL COURT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-06777)
District Judge:  Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2018

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 2, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Johanna Ong and her mother, Beverly Ong, appeal pro se from orders of the United States District Court for the District of New Jersey dismissing their civil rights complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, we will affirm.

On May 29, 2012, Johanna Ong was sentenced in the Superior Court of New Jersey, Hudson County, for convictions for harassment and criminal mischief related to a dispute with her neighbors. Following that proceeding, the Ongs had an alteration with sheriff's officers in the courthouse. Thereafter, the Ongs were taken to the Jersey City Medical Center (JCMC), and were later transferred to the Hudson County Correctional Center (HCCC). On November 1, 2013, Johanna Ong appeared in state court in connection with aggravated assault charges stemming from the May 2012 altercation. A judge ordered her to be examined by a psychiatrist, and she was transported to the JCMC. Later, Johanna Ong was transferred for further evaluation to Trenton Psychiatric Hospital, where she remained for a period exceeding the 30-day limit imposed by the judge. On October 10, 2014, a state court judge dismissed the charges stemming from the altercation on May 29, 2012, on the ground that "it is substantially probable that [Johanna Ong] will not regain [her] fitness to proceed to trial."

On October 7, 2016, the Ongs filed a pro se complaint, which they later amended, alleging violations of their civil rights under 42 U.S.C. § 1983. They named as

2

defendants the Superior Court of New Jersey, the Hudson County Prosecutor's Office (HCPO), the New Jersey Department of Human Services, and Trenton Psychiatric Hospital, the Hudson County Sheriff's Office, the Hudson County Correctional Center, and the JCMC. The Ongs sought sixty-six million dollars in damages.

In separate motions to dismiss, the defendants argued that the Ong's claims were filed beyond the applicable statute of limitations. On June 6, 2017, the District Court granted the motions to dismiss filed by the JCMC and by the Hudson County Sheriff's Office and the Hudson County Correctional Center, holding that the Ongs' claims were time-barred. The District Court granted the remaining defendants' motion to dismiss on January 8, 2018, concluding that the defendants were entitled to Eleventh Amendment immunity and that the Ongs claims were untimely. The Ongs timely appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012).

---

[1] In its order of January 8, 2018, the District Court made clear that its dismissal orders were without prejudice and stated that "[u]nless a properly supported motion to amend the Complaint so as to remedy the defects identified in this and prior rulings of the Court is filed within 30 days, this dismissal shall become final." The Ongs did not file a motion to amend. Instead, they filed a notice of appeal. Under these circumstances, we conclude that the Ongs elected to stand on their complaint. Accordingly, the District Court's orders are final and appealable. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992); Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976) (per curiam).

The Ongs complaint and amended complaint did not identify any particular cause of action. But, liberally construing those documents, as well as the large volume of exhibits attached to them, it appears that the Ongs sought to assert § 1983 claims for use of excessive force, false imprisonment, and malicious prosecution. A complaint pursuant to § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185; see also N.J. Stat. Ann. § 2A:14-2. While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998) (citation omitted).

Here, the Ongs' claims for excessive force and false imprisonment accrued between May 2012 and December 2013, when they allegedly suffered injuries at the hands of sheriff's officers and became held pursuant to legal process. See Kach v. Hose, 589 F.3d 626, 634-35 (3d Cir. 2009; Wallace v. Kato, 549 U.S. 384, 389-90 (2007). The Ongs filed their complaint more than two years later, in October 2016, well after the

4

limitations period expired, and they have offered no basis to toll the statute of limitations. The District Court therefore properly concluded that the excessive force and false imprisonment claims were untimely.

The District Court also correctly determined that the Ongs' malicious prosecution claim, which we construe as brought against only the Hudson County Prosecutor's Office, was barred by Eleventh Amendment immunity.[2] The Eleventh Amendment provides unconsenting states with immunity from suits brought in federal courts by private parties. See Edelman v. Jordan, 415 U.S. 651 (1974). Although counties and local government entities generally are not protected by the Eleventh Amendment, see Mt. Healthy School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), we have held that "[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996). Immunity may not apply, however, when prosecutorial defendants "perform administrative tasks unrelated to their strictly prosecutorial functions, such as . . . personnel decisions." Id. at 1505-06. The Ongs' malicious prosecution claim stems solely from the HCPO's decision to bring charges against

---

[2] This holding obviates the need for us to consider the District Court's alternative conclusion that the malicious prosecution claim was time-barred. See Heck v. Humphrey, 512 U.S. 477, 489 (1994) (stating that a "cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor.").

5

Johanna Ong.  Because that decision is clearly a law enforcement function, the HCPO qualifies for immunity.

For the foregoing reasons, we will affirm the District Court's judgment.