**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1448
_____

KAEUN KIM,
                              Appellant

v.

MARK ALI; MIRA OHM; ROBERT BUHRMEISTER;
PRUDENTIAL FINANCIAL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-04059)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2024
Before:  RESTREPO, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Kaeun Kim, proceeding pro se, appeals from an order granting the defendants'

motions to dismiss his civil rights action.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In April 2018, Kim was fired from his job at Prudential Financial, Inc. (Prudential). The next day, he returned to Prudential's office, seeking to speak with an executive. He was detained by Prudential security and later arrested by Newark, New Jersey, police officers. According to Kim, the state court criminal prosecution is ongoing.

Kim filed the underlying civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey in July 2023.[1] He named as defendants Prudential and one of its employees, Robert Buhrmeister; Mira Ohm, an Essex County assistant prosecutor; and Judge Mark Ali, who is presiding over his criminal proceedings in the Superior Court. The defendants filed motions to dismiss.[2] The District Court granted those motions.[3] It held that Kim's claims against Prudential

---

[1] This was not Kim's first attempt to obtain relief in federal court pertaining to his termination and arrest. In June 2020, the United States District Court for the District of New Jersey rejected Kim's wrongful termination lawsuit, as well as a § 1983 action alleging that he was wrongfully arrested, falsely and maliciously accused of wrongdoing, and maliciously indicted and prosecuted. See Kim v. Prudential Fin., No. 19-cv-19594, 2020 WL 2899259 (D.N.J. June 3, 2020); Kim v. Giordano, No. 19-cv-21564, 2020 WL 2899498 (D.N.J. June 3, 2020). In 2022, the United States Court of Appeals for the Second Circuit affirmed an order dismissing a § 1983 action that Kim had brought against Prudential employees and government officials in the United States District Court for the Southern District of New York. See Kim v. Saccento, 2022 WL 9583756 (2d Cir. Oct. 17, 2022), petition for cert. denied, 143 S. Ct. 1750 (2023).

[2] Meanwhile, Kim repeatedly sought to obtain from Prudential surveillance video capturing his actions at the company's headquarters on the day of his arrest. He also filed motions for sanctions against the defendants for alleged discovery violations. A Magistrate Judge rejected those efforts as premature because discovery had not commenced and because the District Court had not ruled on the motions to dismiss.

[3] The District Court also denied Prudential's motion for sanctions against Kim. Prudential did not appeal from that portion of the order.

were time-barred, barred by the doctrine of res judicata, and not cognizable because the company is not a state actor; that Buhrmeister was not properly served with the complaint; that the claims against Ohm were barred because the criminal proceedings were ongoing; and that Judge Ali was protected by judicial immunity. Kim timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise de novo review over the District Court's grant of a motion to dismiss. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Kim alleged that Prudential and Buhrmeister violated his constitutional rights when they contacted the Newark police to remove him from the company's property and pursued criminal charges against him. "A § 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to a two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185; see also N.J. Stat. Ann. § 2A:14-2. While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City

3

of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). Kim's claims against Prudential and Buhrmeister accrued in April 2018, when he was arrested and charged in connection with his attempt to meet with a company executive. See Kach v. Hose, 589 F.3d 626, 634-35 (3d Cir. 2009). Kim filed his complaint more than two years later, in July 2023, well after the limitations period expired, and he has offered no meaningful basis to toll the statute of limitations.[4] We conclude, therefore, that Kim's claims against Prudential and Buhrmeister were untimely.[5]

Kim also claimed that Ohm, the assistant prosecutor, fabricated evidence and is maliciously prosecuting him. That claim is barred by Heck v. Humphrey, in which the Supreme Court held that where success in a § 1983 action to recover damages would implicitly call into question the validity of a conviction, the plaintiff must first achieve favorable termination of his conviction. 512 U.S. 477, 486-87 (1994). This favorable termination requirement applies to fabrication of evidence and malicious prosecution claims, and it extends to ongoing criminal prosecutions. See McDonough v. Smith, 588 U.S. 109, 116-20 (2019). When Kim filed his complaint, the state court criminal

---

[4] In his brief, Kim argues that the statute of limitations should run from November 15, 2022, when he discovered that surveillance video from Prudential's office allegedly had been forged. But because that allegation involves a discrete act unrelated to the claims that Kim brought against Prudential, it does not extend the statute of limitations. See Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (discussing factors relevant to the "continuing violations doctrine").

[5] In light of this conclusion, we need not consider the District Court's dismissal of Buhrmeister for insufficient service of process.

proceedings against him were ongoing.  Accordingly, the District Court properly dismissed the claims that Kim brought against Ohm.

We also agree that Kim's claims against Judge Ali are barred.  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judicial immunity applies even if the judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'"  Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)).  Kim's allegations against Judge Ali solely relate to actions that he took in connection with the criminal proceedings.  Kim asserts that immunity does not apply because Judge Ali conspired with Prudential to use fabricated evidence and engaged in a "broad pattern of Judicial Misconduct . . . involving three other Essex County judges."  But these vague allegations do not plausibly suggest that Judge Ali acted outside his judicial role or in the absence of jurisdiction.  See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim). Although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

5

declaratory relief was unavailable." 42 U.S.C. § 1983. Nothing in Kim's complaint suggested that this exception applies. See Azubuko, 443 F.3d at 303-04.

Kim also challenges the rejection of his requests for sanctions and for the surveillance video. Those requests were premature, however, because the District Court had not yet ruled on the defendants' motions to dismiss. The requests for discovery, and for sanctions for alleged discovery violations, had no bearing on whether Kim failed to state a claim, a determination that is based on only the complaint and documents attached to it. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997). Thus, the Magistrate Judge did not abuse his discretion in rejecting Kim's requests. Cf. Flaim v. Med. Coll. of Ohio, 418 F.3d 629, 643 (6th Cir. 2005) (stating that "[w]here the district court accepts the plaintiff's allegations as true, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery *sua sponte*").

Kim has filed a motion seeking our recusal, as well as the recusal of Judges Bibas and Porter. That motion is denied. Because Kim's allegations of bias pertain solely to "displeasure with legal rulings[,]" Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), they fail to set forth a reasonable basis for questioning any judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (explaining that recusal is not required when based on mere "possibilities" and "unsubstantiated allegations"). Kim also asked that we issue an injunction to stay

6

ongoing state court proceedings. That request is also denied. As we recently stated in an opinion denying Kim's mandamus petition, a federal court generally may not compel action by a state court or state official. See In re Kim, 2024 WL 4490868 (3d Cir. Oct. 15, 2024) (not precedential) (citing In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam)).

Kim's other numerous outstanding motions are denied. The motion filed by Prudential and Buhrmeister for leave to file a supplemental appendix, which has been construed as a motion to expand the record, is denied because, in large part, most of the documents in the supplemental appendix are part of the District Court record or are unnecessary to decide the appeal. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009) (noting the "exceptional circumstances" necessary to justify supplementing the record on appeal). The letter motion filed by Prudential and Buhrmeister to redact or seal Kim's references to a fabricated case, "Johnson v. Prudential Financial, Inc., 133 F.3d 400 (3d Cir. 2020)," is denied, but we note that no such case exists.

For the foregoing reasons, we will affirm the judgment of the District Court.