**AMENDED DLD-117**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3030
_____

WESLEY ALLEN SMITH,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-02481)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

April 3, 2025

Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: April 25, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Appellant Wesley Allen Smith, proceeding pro se, appeals the District Court's October 23, 2024 order granting the United States' motion to dismiss his amended complaint with prejudice. For the reasons that follow, we will summarily affirm the District Court's order.

Smith brought this complaint under the Federal Torts Claim Act ("FTCA") claiming that he received two surgeries in February and March 2015 at the Philadelphia Veterans Affairs Medical Center ("PVAMC") and, due to the surgeon's negligence, he lost his eyesight. On October 4, 2016, Smith sought redress for his vision loss by filing an FTCA administrative claim with the United States Veterans Administration ("VA"), but he failed to provide the requisite sum certain on his form. On October 5, 2016, the VA responded to Smith's submission stating he had failed to submit a valid claim because he did not provide a sum certain. With that notice, the VA mailed his form back to him and requested he provide this information as soon as possible. The letter emphasized the importance of his completing the form in compliance with the two-year statute of limitations. Smith did not return the form. Six years later, in May 2022, Smith filed a new administrative claim with the VA regarding the same incident and it was denied as untimely.

2

On June 26, 2023, after the VA denied Smith's May 2022 claim and his subsequent request for reconsideration, Smith filed his initial complaint with the District Court. On November 13, 2023, the United States filed a motion requesting to be substituted as the sole defendant[1] and asking the District Court to dismiss Smith's complaint for his failure to timely exhaust administrative remedies, as is required by the FTCA. The District Court granted the defendant's motion on May 31, 2024, and dismissed Smith's complaint without prejudice to provide him the opportunity to either demonstrate his timely exhaustion of administrative remedies or give the Court a good reason for failing to do so. On September 3, 2024, Smith filed an amended complaint against the United States wherein he repeated the same claim for the same injury and offered no additional information or explanation regarding timeliness. On October 23, 2024, the District Court dismissed Smith's complaint with prejudice as time-barred and Smith timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting Appellee's motion to dismiss Smith's amended complaint. See Simko v. U.S. Steel Corp., 992 F.3d 198, 203-04 (3d

---

[1] The complaint was originally against the doctor who performed Smith's surgery and the PVAMC. See 28 U.S.C. § 2679(d)(1); Osborn v. Haley, 549 U.S. 225, 230 (2007) (providing that the United States shall be substituted as the party defendant in causes of action filed in a United States district court against a defendant employee acting within his scope of employment at a federal agency at the time of the incident at issue).

Cir. 2021).  In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), "we must determine whether 'the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations.'"  Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).[2]  We must also accept the facts alleged in the complaint as true and draw all reasonable inferences in Smith's favor.  Simko, 992 F.3d at 204 (citing Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016)). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4.

The District Court did not err in granting Appellee's motion to dismiss on the grounds that Smith's amended complaint was barred by the statute of limitations.  The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the

---

[2] "While the language of [Federal Rule of Civil Procedure] 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  In evaluating a motion to dismiss, a district court may examine exhibits attached to the complaint, see Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016), and indisputably authentic administrative claim documents, see Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

4

claim." United States v. Wong, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). A claim is "presented" when the agency receives notice of the incident alongside a claim for money damages in a sum certain. See 28 U.S.C. § 2675(b); 28 C.F.R. § 14.2; see also White-Squire v. U.S. Postal Serv., 592 F.3d 453, 458–59 (3d Cir. 2010) (discussing importance of "sum certain" requirement).

Here, the District Court correctly determined that Smith was barred from bringing a claim under the FTCA in federal court because he failed to "present" his claim to the VA within two years of its accrual in 2015. See generally Hughes v. United States, 263 F.3d 272, 275 (3d Cir. 2001) (discussing accrual date). The day after Smith filed his initial administrative claim with the VA, on October 5, 2016, the VA informed him that his filing was missing requisite information and that his claim would not be processed without it. Smith did not timely respond to this notice, but instead filed a new form regarding the same surgeries six years later. That second attempt, while containing the necessary information, was filed long past the two-year deadline. See generally Santos ex rel. Beato v. United States, 559 F.3d 189, 194 (3d Cir. 2009). And as the District Court concluded, Smith has not identified, either in the District Court or on appeal, any grounds for equitably tolling the limitations period. See generally D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2022) (providing the standard for equitable

5

tolling and explaining its limited application to circumstances requiring extraordinary remedy).

As Smith failed to timely present his claim to the VA within two years after the claim accrued, he is barred from filing a complaint under the FTCA in federal court. As such, it was appropriate for the District Court to grant Appellee's motion to dismiss with prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[3] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] We have considered Smith's response in support of his appeal, but it does not address the critical statute-of-limitations issue. See CA Dkt. No. 20.

6