**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1562
_____

ROGER WILSON,
                                        Appellant

v.

UNITED STATES GOV'T; OFFICE OF ATTY GENERAL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00301)
Magistrate Judge:  Honorable Cynthia Reed Eddy (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2018
Before:  VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 28, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Roger Wilson appeals from orders granting the defendants' motion to dismiss, and

denying his request for reconsideration, in an action brought under the Federal Tort

Claims Act (FTCA).  For the reasons that follow, we will affirm.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In December 2011, Wilson, who had been incarcerated following a federal drug conviction, was released from federal custody to a term of supervised release. According to Wilson, his probation officer later made false allegations about his mental health in a request for a show cause hearing for modification of the conditions of supervision. In October 2012, the sentencing court ordered that Wilson be committed to the custody of the Attorney General so that a psychiatric evaluation could be conducted. In December 2013, Wilson was released from custody.

In March 2017, Wilson filed a complaint, which he later amended, in the United States District Court for the Western District of Pennsylvania, alleging that his probation officer's false allegations led to his illegal detention and caused him to lose his dating website business. He sought $500 million in damages. The defendants filed a motion to dismiss, arguing that Wilson failed to exhaust administrative remedies under the FTCA.

The parties consented to proceed before a Magistrate Judge, see 28 U.S.C. § 636(c), who issued a Memorandum Opinion and Order on October 24, 2017, granting the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). In particular, the Magistrate Judge liberally construed Wilson's amended complaint as raising claims under the FTCA, stated that he failed to exhaust administrative remedies by submitting a claim with the Administrative Office of the United States Courts, and concluded that any amendment of the complaint would be futile. On March 13, 2018, Wilson filed two documents, which the Magistrate Judge construed as seeking reconsideration. The

2

Magistrate Judge denied that request on March 13, 2018. Wilson filed a notice of appeal on March 14, 2018.

This Court has jurisdiction under 28 U.S.C. § 1291. See Fed. R. App. P. 4(a)(7)(A)(ii) (providing that where a separate document is required but not entered, the appeal period begins to run after "150 days have run from the entry of the judgment or order in the civil docket …."). We exercise plenary review over the Magistrate Judge's Rule 12(b)(1) dismissal, see Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 75 (3d Cir. 2011), and we review for abuse of discretion the order denying Wilson's request for reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In our review, we construe Wilson's pro se pleadings liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

We cannot fault the Magistrate Judge's decision to construe as torts the claims stemming from Wilson's allegation that his probation officer made false allegations about his mental health.[1] As a result, Wilson could potentially bring those claims only as FTCA claims against the United States. See 28 U.S.C. § 2679(b)(1). That said, federal courts cannot exercise jurisdiction over FTCA claims until the plaintiff has first presented

---

[1] To the extent that the allegations could be construed to assert civil rights claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Wilson's complaint was untimely filed. A Bivens claim, like a claim pursuant to 42 U.S.C. § 1983, is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In Pennsylvania, personal injury claims are subject to a two-year statute of limitations. See 42 Pa. Cons. Stat. § 5524. Here, Wilson knew of the allegedly false reports in October 2012, but he did not file his complaint until March 2017.

the claims to the appropriate federal agency and the claims have been denied. 28 U.S.C. § 2675(a); White-Squire v. United States Postal Service, 592 F.3d 453, 457 (3d Cir. 2010). This exhaustion requirement "is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

Wilson's amended complaint did not allege that he presented his claims to the Administrative Office of the United States Courts (AO), the agency responsible for considering claims for money damages under the FTCA for negligent or wrongful conduct by officers and employees of the United States Courts. In addition, according to a sworn declaration from an AO official who searched its records, Wilson did not file any claim pertaining to the allegations in his amended complaint. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (stating that in evaluating a Rule 12(b)(1) motion that presents a factual challenge to subject matter jurisdiction, the District Court is entitled to consider evidence outside the complaint). Therefore, under the FTCA, the District Court lacked jurisdiction over Wilson's federal tort claims. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The Magistrate Judge also properly held that amendment of the complaint would be futile because any attempt by Wilson to administratively exhaust his claims would have been deemed untimely. See 28 U.S.C. § 2401(b) (providing, inter alia, that a FTCA claim against the United States is barred unless it is presented to the appropriate federal agency within two years of the events giving rise to the claim). Finally, the Magistrate Judge

4

acted within her discretion in denying Wilson's request for reconsideration, which alleged, for the first time, that his claims "fit[] under civil rights," rather than the FTCA. See Kiewit E. Co. v. L & R Const. Co., 44 F.3d 1194, 1204 (3d Cir. 1995) (stating that "[c]ourts often take a dim view of issues raised for the first time in post-judgment motions").

For the foregoing reasons, we will affirm.[2]

---

[2] Wilson's motion "seeking assurances that he will not be illegally detained when he attends trial" in this case, and his motion "to compel the judge to rule in [his] favor" are denied.